IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DELANCEY, | : | No. 4:CV 05-2430 |
| | : | |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| TAYLOR EXCEL and TAYLOR | : | |
| PACKING COMPANY, INC., and | : | |
| CARGILL MEAT SOLUTIONS | : | |
| CORPORATION, | : | |
| Defendants | : | |

## ORDER

### December 5, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants', Cargill Meat Solutions Corporation and Taylor Packing Co., Inc. (incorrectly named as Taylor Excel and Taylor Packing Company, Inc.)(hereinafter, collectively referred to as "CMSC") Motion to Strike the Affidavit of Plaintiff John Delancey, Sr. (doc. 32) filed on December 1, 2006.  The Affidavit of John Delancey, Sr. was filed on November 17, 2006 as an exhibit in support of Plaintiff's brief in opposition to Defendants' pending Motion for Summary Judgment.

CMSC moves this Court to strike the Affidavit on three grounds: (1) it contains inadmissible hearsay; (2) it contains averments not based on the Plaintiff's

personal knowledge; and (3) it contains Plaintiff's inadmissible lay opinion about his alleged disability.  Recognizing that striking the Affidavit without granting Plaintiff leave to amend would be wholly draconian, and rather than undertake a line-by-line and piecemeal revision of the Affidavit upon ourselves, we shall strike the Affidavit as filed but grant the Plaintiff leave to file an amended affidavit within ten (10) days of the entry of this Order.  By granting Plaintiff leave to amend his Affidavit, we are thus constrained to continue this case from the February, 2007 trial term, and shall place it on the March, 2007 trial term.

We admonish Plaintiff not to include inadmissible hearsay within any amended affidavit, as statements of that nature can not be considered by this Court in the disposition of the pending summary judgment motion.  See Blackburn v. United Parcel Service, Inc., 179 F.3d 81, 95 (3d Cir. 1999)(providing that "a hearsay statement that is not capable of being admissible at trial should not be considered on a summary judgment motion.").  Further, we note that the information in Plaintiff's amended affidavit must be based on his personal knowledge, and Plaintiff should establish the basis for his personal knowledge as it relates to the portions of the Affidavit questioned by the Defendants within the instant Motion.  Finally, while it is clear that the Plaintiff may make statements within his amended Affidavit regarding his personal condition, he may not may not

give lay opinion testimony regarding "scientific, technical, or other specialized knowledge," when he is not qualified to do so.  <u>See</u> Fed. R. Evid. 701.

We lastly admonish Plaintiff's counsel to carefully adhere to the law as it relates to the permissible contents of an affidavit in these circumstances.  We remind counsel of the proverb "forewarned is forearmed."  In the event that an amended affidavit is filed, and in the further event that it is as rife with objectionable references as the Affidavit under consideration, we will not hesitate to strike it in its entirety.  In that unhappy event for Plaintiff, no additional grace will be afforded.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. CMCS's Motion to Strike the Affidavit of John Delancey, Sr. (doc. 32) is GRANTED.

2. The Clerk shall STRIKE the Affidavit of John Delancey, Sr. (Rec. Doc. 29, Ex. P).

3. Plaintiff shall file an amended Affidavit within ten (10) days of the entry of this Order.

4. This case is STRICKEN from the February, 2007 trial term.

5. This case is placed on the March, 2007 trial term, with jury selection to be held March 5, 2007 and pre-trial conference to be held on

       February 1, 2007 at a time to be determined.

6.     Document 33 is STRICKEN as duplicative.


                               <u>s/ John E. Jones III</u>
                               John E. Jones III
                               United States District Judge